JOSEPH A. BROYLES (California State Bar No.: 201481)
LAW OFFICES OF JOSEPH A. BROYLES, INC.
10940 WILSHIRE BLVD., SUITE 600
LOS ANGELES, CA 90024
Tel: (310) 338-0001
Fax: (310) 388-0501
joseph@broylesesq.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# [WESTERN DIVISION]

| | |
|---|---|
| SANDRA MIRONESCO<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | CASE NO.:<br><br>COMPLAINT FOR REFUND OF FEDERAL INCOME TAXES AND JURY DEMAND |

COMES NOW, Plaintiff, SANDRA MIRONESCO, and alleges as follows:

1. Plaintiff is an individual and at all times relevant herein lived in the City and County of Los Angeles, within the Central District of California, Western Division.

2. Defendant is THE UNITED STATES OF AMERICA.

3. This is an action for the recovery of federal income tax penalties and interest erroneously or illegally assessed and collected, and this Court has jurisdiction by reason of 28 U.S.C. §1346(a)(1).

4.      On or about June 10, 2019, the Internal Revenue Service ("IRS"), an agency of Defendant, assessed $40,000 in penalties against Plaintiff pursuant to 26 U.S.C. § 6038D(d)(2) for allegedly failing to file Form 8938 for tax year 2011 after demand for same was made by the IRS. This demand for the filing of Form 8938 occurred during and pursuant to a tax audit that was then being conducted by the IRS. While this refund suit is limited to tax year 2011, similar penalties were assessed for tax year 2012. The 2012 penalties are not at issue in this case; but, they should be abated.

5.      26 U.S.C. § 6038D(g) provides a reasonable cause exception to the penalties set forth in 26 U.S.C. § 6038D(d)(2). 26 U.S.C. § 6038D(g) states:

**Reasonable cause exception**

**No penalty shall be imposed by this section on any failure which is shown to be due to reasonable cause and not due to willful neglect. The fact that a foreign jurisdiction would impose a civil or criminal penalty on the taxpayer (or any other person) for disclosing the required information is not reasonable cause.**

6.      The reasonable cause exception to the penalties applies in this case because Plaintiff reasonably relied on her accountant, a California licensed certified public accountant, and also on her tax attorney, a California attorney certified as a tax specialist by the State Bar of California, to respond to all IRS correspondences during the audit of her tax returns, including the IRS' demand for the filing of Form 8938. Plaintiff's accountant and/or tax attorney should have provided the Form 8938 to the IRS in response to its request therefore.

7.      Plaintiff has shown and will prove at trial that her failure to file Form 8938 was "due to reasonable cause and not due to willful neglect." Therefore, the IRS should not have assessed the $40,000 in penalties.

6.      Plaintiff paid the $40,000 in penalties, plus interest; and, on May 18, 2022, filed a claim for refund. A true and complete copy of Plaintiff's claim for refund (SSN redacted) is attached hereto as Exhibit "A" and incorporated herein by this reference.

7.      The IRS has not responded to Plaintiff's claim for refund; and, more than six months have passed since Plaintiff filed her claim for refund.

1     WHEREFORE, Plaintiff requests judgment in an amount to be determined at trial, but which Plaintiff reasonably believes to be $40,000, plus interest and costs allowed by law, and such other relief as the Court may deem just, including the award of reasonable litigation costs incurred in this proceeding under 26 U.S.C. §7430.

RESPECTFULLY SUBMITTED

Dated:  December 30, 2022

THE LAW OFFICES OF
JOSEPH A. BROYLES, INC.

By: _____
JOSEPH A. BROYLES, ESQ.
Attorney for Plaintiff

JURY DEMAND

Plaintiff hereby requests a jury on all issues triable by a jury.

Dated: December 30, 2022

THE LAW OFFICES OF
JOSEPH A. BROYLES, INC.

By: _____
JOSEPH A. BROYLES, ESQ.
Attorney for Plaintiff